# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## DOCKET NO. 3:01-CR-00185-FDW-1
## (3:07-CV-00408-FDW)

| | |
|---|---|
| LINWOOD GERALD KEENY, | ) |
| Petitioner, | ) |
| vs. | ) ORDER |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

THIS MATTER comes now before the Court upon Petitioner's renewed motion for an evidentiary hearing (Doc. No. 179, Case No. 3:01-CR-00185) and his oral motion requesting certain tape recorded conversations with his former attorney, Richard A. Culler (Doc. No. 7, Case No. 3:07-CV-00408). Although the Court initially converted Petitioner's Motion into a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, the Court now sees that such conversion was not warranted. Instead, Petitioner's Motion will simply be construed as a criminal motion contesting the Government's failure to file a motion pursuant to Rule 35 of the Federal Rules of Criminal Procedure. For the reasons stated below, Petitioner's Motion for a hearing is DENIED. Because the Court deems a hearing unnecessary, Petitioner's Motion for tape recorded conversations is also DENIED.

The Court has already summarized the facts of this case in a previous Order. (See Doc. No. 177). It is sufficient for present purposes to state that Petitioner, by pleading guilty to two counts, including committing an act of murder during the course of a drug trafficking crime, obtained a plea

agreement under which he would receive a thirty-year sentence, thereby escaping the potential for a death penalty sentence or a term of life imprisonment. In return for this agreement and potential reduction in sentence from death or life in prison to thirty years, Petitioner agreed to "testify truthfully in any trial, hearing, or grand jury proceeding, including but not limited to testimony against any co-defendants, as the United States designates." Despite this pre-existing requirement that he testify against his co-defendants in order to satisfy the terms of his plea agreement, Petitioner now contends that he was promised an additional sentence reduction, from thirty years to fifteen years, for his testimony against a co-defendant. It is based on this alleged promise of a 50% reduction in an already reduced sentence that Petitioner now seeks an evidentiary hearing.

The Court initially denied Petitioner's motion, observing:

> [D]efendant has failed to proffer a scintilla of evidence to support his all but absurd assertion of an oral, post-plea agreement for a reduced sentence. Nor has it escaped the Court's attention that pursuant to the terms of his written Agreement, the petitioner already was obligated to testify against his codefendants if requested to do so by the government. Furthermore, that Agreement did not obligate the government to reward the defendant's cooperation with a reduced sentence. Therefore, the Court cannot conceive why the government would have made any additional agreement with the defendant. To put it simply, the defendant's assertion does not have a ring of truth to it and, in any case, he is not entitled to a hearing on this matter.

After Petitioner filed his renewed motion for a hearing, the Court deemed it prudent to expand the record to include a statement from Karen Marston, the Assistant United States Attorney who allegedly promised the sentence reduction.[1] In response to this accusation, the Government filed the

---

[1] The Court notes that, according to Petitioner's own motions, only defense counsel Richard A. Culler made any explicit reference to a fifteen-year sentence reduction. See Doc. No. 159 at 3 ("Counsel for petitioner assured him of a fifteen (15) year reduction . . . ."); Doc. No. 179 at 2 ("Attorney Culler assured petitioner in exchange for his assistance, there would be a 15 year reduction in sentence . . . ."). Such claims are irrelevant to Petitioner's instant motion. Petitioner did, of course, retain the right under his plea agreement to file a motion alleging ineffective assistance of counsel pursuant to 28 U.S.C. § 2255. The Court expresses no opinion here as to the merit, or lack thereof, that any such motion would have, other than to say that the one-year limitation within that statute appears to have run.

sworn affidavit of Ms. Marston, in which she states:

> At no time during any communication with [Petitioner] did I promise he would receive any sentencing relief in exchange for his cooperation. . . . [Petitioner's] statement that I promised a fifty-percent (50%) sentencing reduction in exchange for his assistance is false. Not only did I not make such a promise to [Petitioner], but it is my practice always to make clear to defendants seeking a sentence reduction that I cannot promise a reduction in their sentence.

(Marston affidavit ¶¶ 5-7, Doc. No. 5, Case No. 3:07-CV-00408). Thus, Ms. Marston, in a sworn affidavit to the Court, unequivocally denies ever having promised Petitioner the unlikely post-plea, pre-sentence reduction he now alleges.

The problems with Petitioner's Motion, both legal and factual, are many. As the Court stated in its previous Order, Petitioner does not state any authority that would entitle him to a sentence reduction three years after this Court's judgment became final.[2] Additionally, Petitioner provides no facts that make his claim credible. Petitioner's plea agreement obligated him to testify against his co-defendants. Despite this fact, he alleges that he was promised a reduction in sentence for doing just that. Even if such a promise were theoretically credible, the sworn affidavit of Karen Marston unequivocally denies and refutes such an allegation. Petitioner's main argument seems to be with his former attorney, Richard A. Culler. Such an argument, however, is irrelevant to Petitioner's current motion and allegations against the Government. Finally, however, there is the insurmountable problem that Petitioner, in the Court's opinion, has not provided assistance substantial enough to justify a reduction in his sentence. Although Petitioner did appear as a witness against one of his co-defendants, Joe Anthony Brown, the Court has already noted that such

---

[2]Petitioner provides numerous case law citations for the principle that the Court may review the breach of a plea agreement. There is no evidence, however, that Petitioner's plea agreement of May 1, 2001, was ever breached. On the contrary, Petitioner received a thirty-year sentence for crimes that would otherwise have been punishable by death or life in prison. Petitioner's allegations that there was a subsequent agreement for cooperation do not amount to allegations of a new plea agreement, but rather assurances of a Rule 35 motion.

assistance was already required under Petitioner's written plea agreement. Nothing in Petitioner's motions show how he has done anything that would persuade the Court to accept a Rule 35 motion to reduce his sentence. For this reason, even assuming that the Government made the promise Petitioner alleges, and even assuming that it had now brought a Rule 35(b) motion, the Court would still decline to exercise its discretion to reduce Petitioner's sentence.[3] Therefore, there are no set of facts under which Petitioner's allegations could lead to the sentence reduction he seeks. For this reason, the Court considers an evidentiary hearing to be unnecessary.

For the reasons stated above, Petitioner's Renewed Motion for an evidentiary hearing is DENIED. Because the Court deems an evidentiary hearing unnecessary, Petitioner's Motion for tape recorded conversations is also DENIED.

IT IS SO ORDERED.

Signed: November 26, 2007

Frank D. Whitney
United States District Judge

---

[3] "[The] decision of a district court not to depart downward in response to the Government's substantial assistance motion based upon a defendant's assistance prior to sentencing is unreviewable." United States v. Pridgen, 64 F.3d 147, 149 (4th Cir. 1995). The Fourth Circuit went on to hold that the same reasoning applied to assistance provided subsequent to sentencing. Id. at 149-50.